UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CITIZENS UNION OF THE CITY OF NEW YORK, et al.,

                *Plaintiffs*

      v.

THE ATTORNEY GENERAL OF THE STATE OF NEW YORK,

                *Defendant.*

No. 16 Civ. 9592 (DLC)

---

**SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' JOINT MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166

*Attorneys for Plaintiffs Citizens Union of the City of New York and Citizens Union Foundation, Inc. of the City of New York*

PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036

*Attorneys for Plaintiffs American Civil Liberties Union Foundation, New York Civil Liberties Union Foundation, and New York Civil Liberties Union*

GIBBONS P.C.
One Gateway Center
Newark, NJ 07102

*Attorneys for Plaintiffs Lawyers Alliance for New York and Nonprofit Coordinating Committee of New York*

Pursuant to the Court's August 30, 2019 order (Dkt. 175), Plaintiffs respectfully submit this joint memorandum to advise the Court of recent factual and legal developments relevant to the parties' pending cross-motions for summary judgment.

## PRELIMINARY STATEMENT

Plaintiffs challenge New York Executive Law Sections 172-e and 172-f, which, under the guise of campaign-finance reform, compel nonprofit organizations to publicly disclose the identities of many of their donors who support speech on matters of public concern unrelated to elections or lobbying. Under well-established authority, these unprecedented disclosure provisions violate the First Amendment, as they are neither "substantially related" to, nor "narrowly tailored" to serve, any important governmental interest, and will impose a heavy burden on the constitutional rights of not-for-profits—including the public interest groups suing here—and their donors. *See Citizens United v. FEC*, 558 U.S. 310, 366–67 (2010).

The challenged provisions remain as unconstitutional today as they were when the parties briefed and argued the summary judgment motions nearly a year ago. Plaintiffs write to apprise the Court of several factual and legal developments that further establish New York has exceeded the constitutional limits of its authority by enacting the challenged provisions:

1. Last January, the Governor proposed several amendments that would have narrowed both challenged provisions, which were then cited as the basis for a stay of decision here. While the Legislature ultimately did not adopt the amendments, that the Governor made such a proposal suggests that he recognized the challenged provisions' infirmity.

2. Last year, New York's Joint Commission on Public Ethics (JCOPE), which oversees and regulates lobbying in New York, adopted new, extensive regulations of lobbying activity and source of funding disclosures. Those regulations went into effect in January, further undermining any notion of a sufficiently important government interest justifying the challenged provisions. *Cf. Washington Post v. McManus*, 355 F. Supp. 3d 272, 300 (D. Md. 2019) (enjoining disclosure law directed at publishers where existing "campaign finance laws prescribe other means of obtaining the same information").

3. In the past year, the evidence of serious threatening and harassing conduct directed toward "good government" groups mounted, with the ACLU for example finding itself a target of

would-be pipe bomber Cesar Sayoc, reinforcing the substantial risks faced by not-for-profits taking on public controversies and the need for protection from disclosure.

4. Courts have continued to block laws like the one challenged here that would unconstitutionally compel disclosure of the identities of individuals who are engaged in protected advocacy insufficiently related to candidate elections.

## ARGUMENT

### I. RECENT EVENTS FURTHER SUPPORT THE CHALLENGED PROVISIONS' UNCONSTITUTIONALITY

Since last year, the salient facts remain that the challenged compelled disclosure laws will chill protected speech and association, and that their application is likely to result in threats, harassment, or reprisals. When this case was first filed, the Court recognized that "[n]o other jurisdiction has disclosure requirements similar to Sections 172-e and 172-f." Decision & Order at 7 (Dkt. 34). That remains true today. Plaintiffs respectfully advise the Court of three relevant factual developments.

*First*, in late January 2019, the Governor submitted to the State Legislature an omnibus budget proposal for fiscal 2020 containing several proposed amendments to Section 172-e and 172-f. *See* Dkt. 168-1 (Proposed Amendments). Perhaps recognizing the challenged provisions' overbreadth and other constitutional flaws, the proposed amendments attempted to address certain—though far from all—of Plaintiffs' objections by, among other things:

- Narrowing the definition of "covered communication" in Section 172-f (Proposed § 172-f(1)(b));

- Adding a segregated bank account provision to Section 172-e, under which a 501(c)(3) organization could theoretically maintain a separate account for contributions to covered entities (Proposed § 172-e(2)(d)); and

- Permitting covered entities to request an exemption before the start of a reporting period (Proposed § 172-e(3)).

Thereafter, Plaintiffs sent a joint memorandum to lawmakers, which explained that the proposed amendment did not cure Section 172-e and 172-f's constitutional defects. *See* Ex. A

2

(Joint Legislative Memorandum dated March 4, 2019). Ultimately, the Governor's proposed amendments were mooted when the Legislature passed the omnibus budget without considering the amendments. *See* Dkt. 170. Accordingly, the challenged provisions remain in effect. *See id.*

*Second*, two new regulations that were adopted by JCOPE last year took effect on January 1, 2019. They include (i) detailed rules regarding compliance with New York's Lobbying Act (19 NYCRR 943) and (ii) detailed source of funding disclosure rules (19 NCYRR 938). These new regulations (available at https://jcope.ny.gov/lobbying-laws-and-regulations) further demonstrate—as Plaintiffs argued in their initial summary judgment submission—that nonprofit organizations like Plaintiffs are already subject to robust state and federal disclosure laws, further weakening any purported important government interest advanced by the challenged provisions. *See* Dkt. 139 at 4–6.

Moreover, throughout this litigation, the Attorney General has argued that the challenged provisions are constitutional under *United States v. Harriss*, 347 U.S. 612, 623 (1954), which upheld a lobbying disclosure statute after interpreting it "narrowly to avoid constitutional doubts." *See, e.g.*, Dkt. 161 at 6. But JCOPE describes its new regulation as "codify[ing] the constitutional authority to regulate grassroots lobbying that was recognized in *United States v. Harriss*." 19 NYCRR 943.1(a). Since, in the State's view, its Lobbying Act regulation tracks the full extent of its constitutional authority, the challenged provisions—which regulate far more protected activities entirely unrelated to lobbying—are necessarily unconstitutional.

*Third*, the Parties' initial submissions included evidence of threats and harassment directed at the ACLU Plaintiffs, the Citizens Union Plaintiffs, and those associated with them. *See* Dkt. 139 at 29–30. The Attorney General did not dispute that this evidence meets the constitutional requirements for the ACLU and Citizen Union Plaintiffs to prevail on their as-applied

3

challenges. Nonetheless, the ACLU Plaintiffs attach a supplemental declaration to complete the record. That declaration describes that the ACLU was notified in late 2018 that it was on the list of targets prepared by Cesar Sayoc, who mailed packages containing homemade pipe bomb to prominent individuals and organizations. Ex. B (Supp. Decl. of Terence Dougherty) ¶ 8. In addition, it notes several instances of death threats directed at the ACLU, the ACLU Foundation, and those affiliated with them. *Id.* ¶¶ 9–14.

These developments further confirm the unconstitutionality of the challenged provisions.

## II. RECENT CASE LAW UNDERSCORES THE CHALLENGED PROVISIONS' CONSTITUTIONAL DEFECTS

Since the parties briefed their summary judgment motions, First Amendment law prohibiting compelled public disclosure of an individual's support for matters of public concern not directly tied to elections or lobbying remains undisturbed. No recent precedent has suggested that such requirements survive scrutiny. To the contrary, courts continue to apply well-established First Amendment precedents protecting the rights of anonymous speech and association against state overreach. For example, in *McManus*, a district court preliminarily enjoined parts of a Maryland law that would have required online publishers to disclose information about funding for political advertisements. 355 F. Supp. 3d at 278. The court held that the disclosure law failed both strict scrutiny and exacting scrutiny because, like the challenged provisions here, the law "imposed burdens" on "ostensibly neutral third parties," rather than just "direct participants in the electoral process," and was not "substantially related" to its purported aims. *Id.* at 293, 305. In contrast, in *Nat'l Assoc. for Gun Rights, Inc. v. Mangan*, 2019 WL 3772113, at *11 (9th Cir. Aug. 12, 2019), the Ninth Circuit upheld a Montana electioneering disclosure law because, unlike the challenged provisions here, the law was "tied to election periods or to continued political spending" and did "not extend indefinitely to all advocacy conducted at any time."

Finally, in *Americans for Prosperity Foundation v. Becerra*, 903 F.3d 1000 (9th Cir. 2018), the Ninth Circuit upheld a California regulation materially identical to the New York regulation at issue in *Citizens United v. Schneiderman*, 882 F.3d 374 (2d Cir. 2018), which the parties have previously briefed in this action. *See, e.g.*, Dkts. 131, 133. Both states' regulations require nonprofits to file with state officials—on a confidential basis—certain donor information already disclosed to the federal government in their IRS tax filings. 903 F.3d at 1004–05. In upholding the regulation, the Ninth Circuit relied heavily on *Schneiderman*. *See, e.g.*, *id.* at 1009, 1011, 1014.[1] *Becerra* is instructive—and distinguishable—for the same reason as *Schneiderman*: the regulation at issue did not require *public* disclosure of any donor information. *See id.* at 1017–19. As the Second Circuit explained in *Schneiderman*, if the government "were to publicize donor lists"—as the challenged provisions here presumptively require—such public disclosure would "raise the [First Amendment] stakes," because "when information about one's donation to a group is available to the public, it is more plausible that people who are opposed to the mission of that group might make a donor suffer for having given to it." 882 F.3d at 384. Under *Becerra* and *Schneiderman*, therefore, the requirement of *public* disclosure of donor information under the challenged provisions presents unacceptable risks to those exercising their First Amendment rights and cannot survive constitutional scrutiny.

## CONCLUSION

For all the foregoing reasons, and those set forth in their prior submissions and arguments to the Court, Plaintiffs respectfully request that this Court grant their joint motion for summary judgment and deny Defendant's cross-motion for summary judgment.

---

[1] Five judges dissented from the full court's denial of *en banc* rehearing, arguing that strict scrutiny applies to disclosure requirements that—like Sections 172-e and -f—regulate speech beyond the "electoral context." 919 F.3d 1177, 1179–82 (9th Cir. 2019) (Ikuta, J., dissenting).

Dated: New York, New York
September 13, 2019

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP


By: */s/ Randy M. Mastro*
    Randy M. Mastro
    Akiva Shapiro
    200 Park Avenue
    New York, NY 10166
    (212) 351-4000
    rmastro@gibsondunn.com

*Attorneys for Plaintiffs Citizens Union of the City of New York and Citizens Union Foundation, Inc. of the City of New York*

PATTERSON BELKNAP WEBB & TYLER LLP

    William F. Cavanaugh
    Stephanie Teplin
    D. Brandon Trice
    Michael D. Schwartz
    1133 Avenue of the Americas
    New York, New York 10036
    (212) 336-2000

*Attorneys for Plaintiffs American Civil Liberties Union Foundation, New York Civil Liberties Union Foundation, and New York Civil Liberties Union*

GIBBONS P.C.

    Lawrence S. Lustberg
    One Gateway Center
    Newark, NJ 07102
    (973) 596-4500

*Attorneys for Plaintiffs Lawyers Alliance for New York and Nonprofit Coordinating Committee of New York*